IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EDDIE GILMAN RYMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv604 |
| WARDEN, FCC BEAUMONT MEDIUM | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Eddie Gilman Ryman, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner filed this petition for writ of habeas corpus challenging the commencement date the Federal Bureau of Prisons is using as the date he began serving his federal sentence. Petitioner seeks an order pursuant to *Barden v. Keohane*, 921 F.2d 476, 477 (3rd Cir. 1990), directing the Bureau of Prisons to change the date of commencement for his federal sentence to begin on June 21, 2018 and apply the time credits he was in federal custody toward the completion of his federal sentence.

The Response

The respondent was ordered to show cause why relief should not be granted. In response, the Respondent filed a motion for summary judgment (ECF No. 4). The respondent asserts that petitioner's sentence was properly computed to commence as of April 2, 2019, the date of its imposition. Further, the respondent states petitioner is not entitled to credit against his federal sentence for time spent in state custody where that time was already credited against his state sentence. Finally, the respondent contends petitioner is not eligible for time credits for time spent

in federal custody on a writ of habeas corpus *ad prosequendum*. Therefore, the respondent contends summary judgment is appropriate.

## Background

On August 25, 2016, petitioner was arrested by state authorities in Victoria County, Texas for possession of drug paraphernalia, Cause No. C316-198, and driving without a license, Cause No. T316-602. (ECF No. 4-1 at *3). On August 29, 2016, these charges were dismissed and petitioner was released from custody.

On March 20, 2017, petitioner was arrested by Texas state authorities, and he was released on March 28, 2017. These charges were not prosecuted.

On April 18, 2017, petitioner was arrested for a third time by Texas state authorities. Petitioner remained in state custody until he was sentenced to ten years' confinement in the Texas Department of Criminal Justice in February, 2018. Petitioner began serving his state sentence on March 20, 2018. Petitioner's state sentence was credited for all time he spent in custody since his arrest in April, 2017.

On June 21, 2018, petitioner was named in a federal indictment filed in the United States District Court for the Southern District of Texas, charging him with drug offenses arising from events between August 1, 2015 and March 22, 2016. Petitioner was arrested on these charges on July 16, 2018 while he was in state custody, and he was temporarily transferred to federal custody on a writ of habeas corpus *ad prosequendum*. (ECF No. 4-1 at *26). On April 2, 2019, following a plea of guilty, petitioner was sentenced to a term of 84 months' confinement in the Bureau of Prisons. (ECF No. 4-1 at *29).

Petitioner was returned to the custody of the Texas Department of Criminal Justice on April 26, 2019 to serve the remainder of his state sentence. Petitioner was released from state custody on parole on June 25, 2021. Petitioner was released to exclusive federal jurisdiction.

<u>Standard of Review</u>

*Summary Judgment*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). "Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Commander v. BASF Wyandotte Corp.*, 978 F.2d 924, 927 n.4 (5th Cir. 1992). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Thus, petitioner's claims are properly asserted in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

*Sentence Calculation*

The calculation of a term of imprisonment is governed by Title 18 U.S.C. § 3585 which provides the following:

> (a) Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The earliest date a federal sentence can commence is the date on which it is imposed. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); Program Statement 5880.28, Sentence Computation Manual, page 1-21. This is true even if a sentence is to run concurrent with a previously imposed term. *Id.* (holding "sentence could not be concurrent prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

Generally, the sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example bail, release, dismissal of state charges, parole release, or expiration of state sentences. *McCarthy v. Warden*, 168 F.App'x. 276, 277 (10th Cir.), *cert. denied*, 548 U.S. 914, 126 S.Ct. 2949, 165 L.Ed.2d 968 (2006);

*United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *Rowell v. Beeler*, 135 F.App'x. 590, 594 n.2 (4th Cir. 2005); *Phillips v. Kaiser*, 47 F.App'x. 507, 511 (10th Cir. 2002) (finding that state had primary jurisdiction over petitioner, although he was on supervised release for his federal conviction at the time of his arrest by state authorities); *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980); *Williams v. Taylor*, 327 F.2d 322, 323 (10th Cir. 1964) ("It is well settled that in our two systems of courts, the one which first takes custody of a prisoner in criminal cases is entitled to the custody of the prisoner until final disposition of the proceedings in that court, but during this time the prisoner is not immune from prosecution by the other sovereign."). Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement was exclusively the product of such action by federal law enforcement officials so as to justify treating the state jail time as the practical equivalent of a federal one. Even then, if he receives credit for the time he served against the state charges, none is to be granted against the federal sentence. *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586-87 (5th Cir. 1988); *United States v. Wilson*, 916 F.2d 1115, 1118 (6th Cir. 1990). Time spent by a prisoner in federal custody under a writ of habeas corpus *ad prosequendum* is not counted towards the federal sentence if that time was credited toward his state sentence. *See McKinley v. Haro*, 83 F. App'x 591 (5th Cir. 2003); *United States v. Brown,* 753 F.2d 455, 456 (5th Cir. 1985).

The BOP commenced petitioner's 84-month federal sentence on April 2, 2019, the date the sentence was imposed. Additionally, the BOP designated the state institution as petitioner's designated facility, beginning April 2, 2019. As the BOP designated petitioner's state institution as his designated facility, petitioner's request for a *nunc pro tunc* designation under *Barden* is not applicable. The BOP applied time credits for time spent in custody between August 25-29, 2016 and March 20-28, 2017 because those time periods were not applied to his Texas state sentence or any other sentence.

Petitioner seeks pre-sentence time credits for the period from June 21, 2018, the date of his indictment, through the date of his federal sentencing on April 2, 2019. As set forth above, however,

pursuant to 18 U.S.C. § 3585, petitioner is not entitled to credit toward his federal sentence prior to commencement of his sentence on April 2, 2019. Additionally, pursuant to Program Statement 5880.28, petitioner is not entitled to time spent on a writ of habeas corpus *ad prosequendum* because it is considered pre-sentence time credit. Time spent by a prisoner in federal custody under a writ of habeas corpus *ad prosequendum* is not counted towards the federal sentence if that time was credited toward his state sentence. *See McKinley v. Haro*, 83 F. App'x 591 (5th Cir. 2003); *United States v. Brown,* 753 F.2d 455, 456 (5th Cir. 1985). Here, petitioner received credit toward the completion of his Texas sentence for these time periods. A petitioner cannot receive credit for time that was already credited toward a state sentence. *See Smith v. McConnell*, 950 F.3d 285, 288 (5th Cir. 2020). Thus, the petitioner has been credited with all time to which he is entitled. Accordingly, the respondent's motion for summary judgment should be granted.

## Recommendation

The respondent's motion for summary judgment should be granted, and above-styled petition for writ of habeas corpus should be denied and dismissed.

## Objections

Within fourteen days after being served with a copy of the Magistrate Judge's Report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 1st day of March, 2024.

_____
Zack Hawthorn
United States Magistrate Judge